Judge Roland L. Belsome
This appeal is taken from the verdict rendered by the jury in which the defendant was found free of fault for the injuries sustained by the plaintiffs. For the *968 following reasons, the jury verdict is affirmed.
Facts and Procedural History
Thomas Handy, Jr. died of lung cancer at the age of 79. Prior to his death, he, his wife Sandra Handy, and his son Thomas Handy, III (collectively referred to as "the plaintiffs") filed suit against multiple defendants. The plaintiffs' allegations maintained that Mr. Handy's exposure to asbestos-containing products during his many years of employment was the cause of his lung cancer.
At the time of trial, Ferguson Enterprises, Inc. was the only remaining defendant. The allegations against Ferguson Enterprises, Inc. were that it was the successor corporation of Louisiana Utility Supply Co. (hereafter referred to as "Ferguson/LUSCO"). It was further alleged, that Ferguson/LUSCO supplied and/or distributed asbestos-containing cement pipe to Mr. Handy's employer, C. J. Calamia Construction. Additionally, it was alleged that Mr. Handy was exposed to asbestos that was airborne due to the cutting of that asbestos-containing cement pipe.
This matter was tried before a jury. After trial, the jury returned a verdict that found: 1) Mr. Handy's exposure to asbestos-containing products were a substantial contributing factor in causing his lung cancer ; 2) That Ferguson Enterprises Inc. was a successor to Louisiana Utilities Supply Co. ("LUSCO"); and 3) the products supplied and/or distributed by LUSCO were not a substantial contributing factor in causing Mr. Handy's lung cancer. Subsequent to the verdict, the plaintiffs filed a motion for new trial which was denied. This appeal followed.
Assignments of Error
The plaintiffs claim that the jury's verdict in defendant's favor was contrary to the law and evidence. Next, the plaintiffs contend that the trial court erred in charging the jury with incorrect law and in failing to give additional instructions to the jury when asked. Also raised on appeal, is the trial court's denial of the motion for new trial.[1]
Verdict
On appeal, the plaintiffs maintain that the jury's verdict was contrary to the law and evidence presented at trial. The long-standing jurisprudence on appellate review of jury verdicts is that a court of appeal may not set aside the jury's finding unless it is clearly wrong or manifestly erroneous.[2] So, the issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one.[3] Even if an appellate court considers its own evaluations and inferences to be more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony.[4] Therefore, if the record reveals a reasonable basis for the jury's determinations, the verdict must stand.
To be successful in this case, the plaintiffs had to prove that Mr. Handy "had significant exposure to the product complained *969 of to the extent that it was a substantial factor in bringing about his injury."[5] Here, the plaintiffs' allegations against Ferguson/LUSCO arise out of claims that the company sold asbestos-containing cement pipe to Mr. Handy's employer. Thus, the plaintiffs had to prove that the specific cement pipe supplied and/or distributed by Ferguson/LUSCO was a substantial contributing factor in causing Mr. Handy's lung cancer.
Even though Ferguson/LUSCO argued that Mr. Handy's lung cancer was caused by smoking three packs of cigarettes a day for decades, the jury found that Mr. Handy's exposure to asbestos-containing products was a substantial contributing factor in causing his lung cancer.[6] However, the jury also found that the cement pipe sold by Ferguson/LUSCO was not a substantial contributing factor and Ferguson/LUSCO bore no fault in Mr. Handy contracting lung cancer. As stated above, our inquiry is whether the jury was reasonable in that finding given the entirety of the record.
During Mr. Handy's employment with Calamia Construction he cut asbestos-containing cement pipe. At trial, the jury heard conflicting testimony regarding the supplier of that pipe. Some testimony indicated that Calamia Construction used CIMSCO, Inc. as its primary supplier of cement pipe.[7] This was confirmed by the testimony of a CIMSCO sales representative. That witness recalled Mr. Handy cutting cement pipe on CIMSCO's premises. In a search for documentation to prove that Ferguson/LUSCO was also a consistent supplier of the cement pipe for Calamia Construction, only one document was found that linked Ferguson/LUSCO to a delivery for Calamia Construction.[8] The document was an invoice indicating that on one occasion Johns Manville Corporation, the cement pipe manufacturer, shipped pipe directly to Calamia Construction on behalf of Ferguson/LUSCO.[9] The parties also presented competing expert evidence regarding the level of asbestos exposure that is necessary to increase the risk of contracting lung cancer.
This case was highly contested and the jury was presented with contradictory testimony and evidence. As the factfinder, the jury can accept or reject, in whole or in part, any witness's testimony including expert witnesses.[10] Even though this record contains evidence that could lead a reasonable person to find differently, this court cannot substitute its view of the evidence for that of the jury. Where there are two permissible views of the evidence, the jury's choice between the two cannot be manifestly erroneous or clearly wrong.[11] Thus, given the parameters under which we review a jury's verdict and the record in the instant case, this Court cannot find *970 that the jury's determinations were so unreasonable that they were manifestly erroneous or clearly wrong.
Jury Charges
The plaintiffs assign as error the trial court's refusal to give certain requested instructions to the jury. Also, the plaintiffs contend that the trial court incorrectly charged the jury on the issue of causation and further erred by not answering a question posed by the jury. Ferguson/LUSCO contends that the plaintiffs are precluded from raising any issues concerning the jury instruction on causation or the failure to answer the jury question because they did not make timely objections.
When reviewing assignments of error regarding jury charges, this Court must determine if the complained of charges were met with a timely objection. La. C.C.P. art. 1793(C) provides:
A party may not assign as error the giving or the failure to give an instruction unless he objects thereto either before the jury retires to consider its verdict or immediately after the jury retires, stating specifically the matter to which he objects and the grounds of his objection. If he objects prior to the time the jury retires, he shall be given an opportunity to make the objection out of the hearing of the jury.
Upon a thorough review of the record, there were no timely objections made regarding the trial court's jury instructions. As such, we find that the plaintiffs did not preserve their right to appellate review on that issue. What the record does reflect is that the plaintiffs did timely object to the exclusion of several proposed charges that were submitted to the trial court but not incorporated into the final jury charges. Since the plaintiffs maintain that the excluded charges were essential jury instructions to explain "substantial contributing factor," this Court will review the excluded charges to see if they would have aided the jury in better understanding the law.[12]
*971 There is no requirement that a trial court give the precise instructions submitted by either party, but it must give instructions that properly reflect the law that is applicable to the pleadings and facts of the case.[13] "Louisiana jurisprudence is well established that an appellate court must exercise great restraint before it reverses a jury verdict because of erroneous jury instructions."[14] "Trial courts are given broad discretion in formulating jury instructions and a trial court judgment should not be reversed so long as the charge correctly states the substance of the law."[15] On review, the appellate court's duty is to assess the error alleged in the context of the jury charges as a whole to determine if the charges adequately provide the correct principles of law.[16]
Reviewing the jury charges, that were excluded and properly met with a timely objection, together with the full set of charges given to the jury, we do not find that the proposed charges declare any applicable principle of law that applies to this case and that was not already included in the trial court's jury charges. For that reason, we find no error in the trial court's exclusion of the plaintiffs' proposed jury charges. Thus, this Court finds that the trial court's jury charges were legally correct and additional charges were not warranted.
Jury Question
La. C.C.P. art. 1796 provides that a jury, after retiring to deliberate, may ask for additional information, and the court, after giving notice to the parties, may give additional instructions.[17] But, the trial court is not obligated to supplement the jury with additional information. As for the question posed by the jury, the jury asked for a definition for "substantial." The trial court informed the parties of its intent to refer the jury back to the jury charges. The parties did not object and have therefore waived any right to appellate review on the issue.
Motion for New Trial
Lastly, the plaintiffs contend that the trial court abused its discretion by not granting a new trial based on juror misconduct.[18] As stated by La. C.C.P. art. 1972, a new trial shall be granted "[w]hen the jury...has behaved improperly so that impartial justice has not been done." The plaintiffs' motion for new trial alleged that Alisa Bright, the jury foreperson, had out of court communications during the trial with a past associate of the law firm representing the plaintiffs.[19] The motion filed with the trial court stated nothing else and was not accompanied by any supporting evidence.
Prior to the date of the hearing for the motion, the plaintiffs submitted the affidavit of lead plaintiffs' counsel, Caleb Didriksen, III. The affidavit made it clear that the affiant had no personal knowledge of any communications. Primarily, the affidavit contained suspicions about what could have transpired between the foreperson *972 and former associate. It was asserted that Mr. Didriksen's co-counsel, Erin Saucier, was the person that was informed of the communications. Yet, Ms. Saucier did not submit an affidavit and her testimony was not proffered for the record.[20]
In the absence of any competent corroborating evidence, the trial court did not abuse its discretion in denying the motion for new trial.
Conclusion
Based on record before this Court, we affirm the jury's verdict and the judgment entered by the trial court.
AFFIRMED

The appellee also answered the appeal seeking review of the jury's finding that Ferguson Enterprises, Inc. was a successor corporation to Louisiana Utilities Supply Company. Given this Court's determinations on appeal, there is no need for a discussion of that assignment of error.

Rosell v. ESCO , 549 So.2d 840, 844 (La.1989).

Id.

Stobart v. State, Department of Transportation and Development , 617 So.2d 880, 882 (La.1993).

Rando v. ANCO Insulations Inc. , 08-1163, 08-1169, p. 35 (La. 5/22/09), 16 So.3d 1065, 1091 (quoting Asbestos v. Bordelon, Inc. , 96-0525 (La.App. 4 Cir. 10/21/98), 726 So.2d 926, 948 ).

The lawsuit originally included numerous defendants including Mr. Handy's employers, manufacturers of asbestos-containing products, and distributors of asbestos-containing products.

CIMSCO, Inc. was a non-party defendant.

At trial, the testimony stated that Ferguson/LUSCO's records were subject to a flood and later a fire. It is unknown what those documents may have contained.

Johns Manville Corporation was a non-party defendant.

McInnis v. Bonton , 17-0088, pp. 6-7 (La.App. 1 Cir. 9/21/17), 232 So.3d 22, 26-27 (citations omitted).

Rosell , 549 So.2d at 844.

The following proposed jury charges were provided by the plaintiffs, but not included in the trial court's final charges:
PLAINTIFFS' JURY CHARGE NUMBER 6
It is settled in Louisiana jurisprudence that one who causes injury to another takes his victim as he finds him. Thus, even if you find that Mr. Handy had a preexisting physical condition making him more susceptible to an injury, he can still be compensated. LUSCO is responsible for all the natural consequences of its wrongdoing, so long as there is a causative link between the conduct and Plaintiffs' injury. If you find that Defendant aggravated Mr. Handy's condition, Plaintiffs should be compensated for the aggravation of his condition. The Defendant's conduct need not be the sole cause of the Mr. Handy's injury and death. It must only be a substantial contributing factor in the cause of Mr. Handy's injury.
PLAINTIFFS' JURY CHARGE NUMBER 10
"The effect of exposure to asbestos dust is cumulative, that is, each and every exposure may result in an additional and separate injury."
PLAINTIFFS' JURY CHARGE NUMBER 11
If a plaintiff suffered a relatively short asbestos exposure and he had other longer exposure working, the relatively short exposure may still be a substantial cause of his injury.
PLAINTIFFS' JURY CHARGE NUMBER 12
A plaintiff is not required to provide an exact dose of asbestos as to a particular defendant to establish causation.
PLAINTIFFS' JURY CHARGE NUMBER 15
Asbestos has been determined by the Louisiana Supreme Court to be a product which is "unreasonably dangerous per se."
Therefore, if you find that Mr. Handy was exposed to asbestos from LUSCO and that this asbestos caused or contributed to his asbestos-related cancer then you must find for the Plaintiffs and against LUSCO.
PLAINTIFFS' JURY CHARGE NUMBER 21
"Asbestos is a substance that creates an unreasonable risk of harm when inhaled."

Adams v. Rhodia, Inc. , 07-2110, p. 6 (La. 5/21/08), 983 So.2d 798, 804 ; La.C.C.P. art. 1792(B).

Adams , 07-2110, p.6, 983 So.2d at 804.

Id.

Adams , p. 7, 983 So.2d at 804.

La.C.C.P. art. 1796 (A) and (B).

In the motion for new trial, the plaintiffs sought a new trial or a judgment notwithstanding the verdict.

The former law associate was identified as Matthew Greig. The affidavit filed by Mr. Didrikson claimed that Mr. Greig worked on the Handy case and had been friendly with Mr. Handy prior to his death.

The trial court denied the plaintiffs' motion for new trial without taking testimony.